UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MARC LAZAR                                                                          06 cv 5375(DC) (HP)
                                                Plaintiff,
                                                                                         **COMPLAINT**
                -against-
                                                                                         **JURY TRIAL DEMANDED**


AKAM ASSOCIATES INC., and MICHAEL BERENSON
                                                Defendant(s).
--------------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff pursuant to 42 U.S.C. § 2000e-2(a) & 2000e-3(a) i.e., Title VII, pursuant to the Administrative Code of the City of New York §§ 8-107(3) and 8-502(a) as well as pursuant to NY EXEC. LAW § 296.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4).

4    Jurisdiction for plaintiff's New York State claims and claims brought pursuant to the Administrative Code of the City of New York is appropriate pursuant to 28 U.S.C. Section 1367.

5    Venue is appropriate pursuant to 28 U.S.C. Section 1391(b) (1 & 2).

6    That a notice of plaintiff's complaint for violation of Title VII was filed with the EEOC and the EEOC received such complaint on February 15, 2006 and that the EEOC assigned the charge presented with the number 520-2006-00040.

7    That the EEOC mailed plaintiff his right to sue notice on April 20, 2006.

8    That this action if timely brought within 90 days of receipt of the right to sue letter.

## PARTIES

9       The plaintiff, MARC LAZAR, resides in Nassau County and at all times relevant employed by the defendants as vice president of management for defendant AKAM ASSOCIATES INC., and he was hired specifically by defendant MICHAEL BERENSON, Akam's president and one of its owners.

10      That the defendant AKAM ASSOCIATES INC., (hereinafter Akam) is an active domestic business corporation, engaged in the business of building management primarily for cooperative apartments and condominiums with a Manhattan business office located at 8 W 38th St. 7th Floor New York, N.Y. 10018.

11      That MICHAEL BERENSON is Akam's president and one of the company's owners and that at all times relevant, Berenson largely controlled the terms and conditions of plaintiff's employment with Akam.

## STATEMENT OF FACTS

12      Plaintiff was hired as Vice President of Management for Akam on December 20, 2004, by defendant MICHAEL BERENSON.

13      At the time of his hiring plaintiff indicated to Berenson that he was an observant Jew and that he needed specific accommodations including being able to leave early on Fridays in the winter and taking off for the Jewish Holidays.

14      Plaintiff and the defendants made arrangements which allowed plaintiff to fulfil the requirements of his role at Akam and still observe his religion.

15      Plaintiff was being groomed to take over the day to day operations of the corporation and business was excellent while plaintiff was Vice President of Management.

16      Plaintiff's initial job description included overseeing the daily operations for the

management of eighty (80) buildings, overseeing staff and overseeing corporate operations.

17 At all times relevant Akam had a procedure in place for emergencies to be covered by managers when plaintiff was not available due to his religious observance.

18 Plaintiff was specifically informed by Berenson that he was being groomed to take over the company.

19 Plaintiff was frequently complimented by Berenson for the good job he was doing and how well he was handling his position.

20 In October of 2005 an emergency call was placed and Berenson somehow was contacted and woken up with the call.

21 Shortly thereafter, Berenson informed the plaintiff that he needed someone to run the company 24/7 not 24/6.

22 Shortly thereafter Berenson's attitude towards the plaintiff then changed markedly and became hostile and cynical.

23 Shortly thereafter Berenson made a comment about not running the company around orthodox Jews.

24 Shortly thereafter Berenson began making disingenuous allegations that plaintiff was leaving work early.

25 Shortly thereafter Berenson stopped speaking to the plaintiff almost entirely, a marked change from their relationship over the first ten months of plaintiff's employ.

26 Shortly thereafter Berenson made frequent references to plaintiff's religious practices and negative references to not accommodating such practices.

27 On December 1, 2005 plaintiff was terminated allegedly because the company was going in a different direction and because he could not read the clients and for allegedly not having a

good relationship with the staff, however, prior to the incident when Berenson was woken by the emergency phone call in October of 2005, Berenson had commented plaintiff was excellent in the aforementioned areas now being used as an excuse to terminate him.

28   While plaintiff worked for Akam and effectively ran a great deal of their operations, business greatly improved and his religious observance had no detrimental affect on his job performance.

29   Plaintiff's terms and conditions surrounding his employment with Adam was negatively impacted by discrimination against his religious practices as an observant Jew.

30   Plaintiff was terminated solely due to Akam's unwillingness to continue to make reasonable accommodations to plaintiff's religious practices.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO TITLE VII i.e., 42 U.S.C. § 2000e-2(a) & § 2000e-3(a) §§ 8-107(3) and 8-502(a) of the ADMINISTRATIVE CODE OF THE CITY OF NEW YORK and NEW YORK STATE EXECUTIVE LAW § 296.

31   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32   That the plaintiff's rights were violated pursuant to Title VII i.e., 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a) New York State Executive Law § 296 and pursuant to the Administrative Code Section 8-107 in that he was subjected to a hostile work environment and a discriminatory termination due to his being an observant Jew.

33   Subsequent to the emergency phone call which awoke defendant Berenson, plaintiff was subjected to harassment of such quality and quantity that he reasonably found the conditions of his employment altered for the worse.

34   As an observant Jew plaintiff belonged to a protected class.

35    Plaintiff was clearly qualified and competent for the position he held.

36    Plaintiff suffered an adverse employment action.

37    The adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.

38    Plaintiff's work environment turned hostile due to Akam's unwillingness to tolerate and continue to make reasonable accommodations to plaintiff's religious practices.

39    Plaintiff was terminated due to Akam's unwillingness to tolerate and continue to make reasonable accommodations to plaintiff's religious practices.

40    As a direct result of the defendants' acts, plaintiff suffered numerous harms including, but not limited to, emotional harms, pecuniary harms, the terms and conditions of his employment were changed for the worse, plaintiff was terminated due to his religious practices, plaintiff's reputation in the business community was injured due to the illegal termination and that he was otherwise harmed.

41    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS, an award of attorneys' fees is appropriate and that an award of punitive damages is appropriate pursuant to the New York City Administrative Code.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF'S DECEDENT
### VIOLATION OF NEW YORK STATE LAW
### VIA DEFAMATION PER SE

42    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43    The defendants falsely alleged to third parties that plaintiff performed his job incompetently.

44    Defendants factually disparaged plaintiff's professional competence unfairly and incorrectly.

45    That as a result of defendants' defaming of the plaintiff his reputation in the business community he functions in was harmed.

46    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

   **WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and punitive damages on the First Cause of Action; and ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; plus reasonable attorneys' fees on all causes of action; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       July 17, 2006

                                        FRED LICHTMACHER (FL-5341)
                                        Attorney for Plaintiff
                                        60 East 42nd Street Suite 2001
                                        New York, New York 10165
                                        (212) 922-9066
                                        Fax # (212) 922-9077